UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-01287-SSS-ACCV | Date | May 6, 2026 |
|---|---|---|---|
| Title | *Socrates Gutierrez Gonzalez v. Warden, Adelanto Detention Facility et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

Before the Court is Petitioner Socrates Gutierrez Gonzalez's Ex Parte Application for a Temporary Restraining Order, [Dkt. No. 2, Application or "App"], alongside the Petition for Habeas Corpus, [Dkt. No. 1, "Pet."]. Respondents filed an Opposition.  [Dkt. No. 7].  Petitioner filed a Reply.  [Dkt. No. 8].  Having considered the parties' arguments, relevant legal authority, and the record in this case, the Court **GRANTS** the Application for a Temporary Restraining Order.

## I.    BACKGROUND

Petitioner Socrates Gonzalez is a 27-year-old native and citizen of Nicaragua who entered the United States on September 7, 2022.  [Pet. ¶ 1].  Petitioner says he was detained by U.S. Customs and Border Protection upon entry and released on humanitarian parole the same day.  [*Id.* ¶ 1].  Prior to his detention, Petitioner resided with his siblings in Compton, California.  [*Id.*].

Petitioner alleges that the Department of Homeland Security did not initiate removal proceedings before the Executive Office for Immigration Review until

July 3, 2025, when Immigration and Customs Enforcement ("ICE") took him into custody during a scheduled ICE check-in.  [*Id.* ¶¶ 1–2].  Petitioner alleges he has no criminal arrests, charges, or convictions, and that no material change in his circumstances preceded his re-detention.  [*Id.* ¶ 2].

Petitioner alleges that, prior to re-detention, Respondents did not assess whether he presented a flight risk or danger to the community and did not afford him a hearing before a neutral decisionmaker at which the government would bear the burden of justifying continued custody.  [*Id.* ¶ 2].  Petitioner contends that ICE has abandoned its prior practice of re-detaining noncitizens only upon a material change in circumstances.  [*Id.* ¶ 4].

Petitioner is currently detained at the Adelanto ICE Processing Center.  [*Id.* ¶ 5].  Petitioner seeks an order finding his ongoing detention unreasonable and directing his immediate release.  [*Id.* ¶ 6].

## II.    LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

For the Court to grant an application for a TRO, the moving party must show: (1) that she is "likely to succeed on the merits" of [his] underlying claim, (2) that she is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in [her] favor," and (4) that the requested injunction "is in the public interest."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).  Under the sliding scale approach, a petitioner is entitled to a TRO if she has raised "serious questions going to the merits . . . and the balance of hardships tips sharply

CIVIL MINUTES— GENERAL      Initials of Deputy Clerk <u>iv</u>

in [his] favor." *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

## III.   DISCUSSION

First, the Court finds that Petitioner has made a sufficient showing of likelihood of success on the merits.  Once he was released and allowed to be at liberty, he retained a "protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. July 24, 2025) (collecting cases); *see also Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (noncitizens protected by Due Process Clause).  "[T]he government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi*, 792 F. Supp. 3d at 1032 (citation modified).  "[I]t is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide [him] with a pre-detention hearing," as such a hearing provides a crucial "opportunity to determine whether there is any valid basis for [his] detention." *Id.* at 1035.  There is no indication in the record that such a hearing took place.  On the contrary, Respondents have presented no evidence that Petitioner did not fully comply with every condition of his parole at the time of his arrest, and Respondents have otherwise not identified any changed circumstances justifying his re-detention.

As many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously released noncitizens like Petitioner without a pre-detention hearing.  *Fernández López v. Wofford*, No. 25-CV-01226-KES-SKO, 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) ("In immigration court, custody hearings are routine and impose a minimal cost. If the government wishes to re-arrest petitioner at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." (citation modified)).  Therefore, there is sufficient showing of likelihood that Petitioner's due process rights were violated.

Next, the Court finds that there is immediate, irreparable harm.  Here, this case presents the requisite individualized exigency.  Petitioner currently suffers immediate, irreparable harm because he has likely been detained in violation of his constitutional rights, and "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  Every minute of liberty lost while being detained

in violation of Petitioner's constitutional rights.  Therefore, this factor favors Petitioner.

Finally, the balance of the hardships and public interest factors tip strongly in Petitioner's favor because he will suffer great hardship if this Court were to deny temporary injunctive relief.  *See All. for the Wild Rockies*, 632 F.3d at 1134–35 (requiring the balance of hardships to "tip sharply" in the moving party's favor).  In the absence of an injunction, Petitioner is experiencing and will continue to experience detention that resulted from a deprivation of his due process rights, and "the public has a strong interest in upholding procedural protections against unlawful detention."  *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020).  The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations."  *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

## IV.    CONCLUSION

As such, the Court **GRANTS** Petitioner's Application for a Temporary Restraining Order.  [Dkt. No. 2].  The Court **ORDERS** Respondents to immediately release Petitioner from their custody.

Respondents are **ENJOINED AND RESTRAINED** from again detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to his danger to the community or a flight risk, and that no conditions other than his detention would be sufficient to prevent those harms.  *Pinchi*, 792 F. Supp. 3d at 1037–38.

Respondents are **ORDERED** to file a status report certifying compliance with the above order of release within three (3) days from the date of this Order.  The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED.**