**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SOCRATES GUTIERREZ GONZALEZ,

Petitioner,

v.

WARDEN, ADELANTO DETENTION FACILITY, *et al.*,

Respondents.

Case No. 5:26-cv-01287-SSS-ACCV

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the parties' briefing, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court has engaged in *de novo* review of those portions of the Report to which Respondents have objected.

In this habeas matter involving immigration detention, the Court granted Petitioner's application for a temporary restraining order and ordered him released from immigration custody on May 6, 2026. [Dkt. No. 9]. Petitioner was released on the following day. [Dkt. No. 10 at 2]. The Report now recommends that any future enforcement actions must comply with Due Process requirements, including that Respondents shall not re-detain Petitioner without providing him with notice and pre-

detention hearing before a neutral decisionmaker. [Dkt. 20]. Respondents' objections to the Report do not merit a different result.

Respondents object that Petitioner had no right to release because of any claimed defects or irregularities surrounding his initial arrest. [Dkt. No. 22 at 2-4]. However, the Report's recommendations are not based on a theory of unlawful arrest, but rather on the denial of Petitioner's protected liberty interest through re-detention without constitutionally adequate process. [Dkt. No. 20 at 7-8]. The Court agrees with the Report that the Petition should be granted on procedural due process grounds. [*Id*. at 9].

Respondents object that Petitioner's detention was lawful because it was not indefinite, because Petitioner did not affirmatively request a bond hearing, and because he did not administratively exhaust his latest denial of bond. [Dkt. No. 22 at 4-6]. The objection is not responsive to the Report, which found that the re-detention was unlawful in the first instance, as a violation of procedural due process. [Dkt. 20 at 4-10]. Respondents have not responded to the merits of the Report's detailed analysis of the due process claim.

Respondents object that there is no authority for Immigration Judges to conduct pre-detention hearings. [Dkt. No. 22 at 6-9]. The Court disagrees. The power to order a hearing before an immigration judge "is the type of practice and workable remedy within the district court's broad equitable powers." *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1104 (S.D. Cal. 2008) (citing *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) ("[i]n constitutional adjudication as elsewhere, equitable remedies are a special blend of what is necessary, what is fair, and what is workable.")).

The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that: (1) Judgment be entered GRANTING the Petition; and (2) a writ of habeas corpus is issued requiring any future enforcement actions against Petitioner Socrates Gutierrez Gonzalez (A#: 243-089-114) must comply

with Due Process requirements, including that Respondents shall not re-detain Petitioner without providing him with notice and pre-detention hearing before a neutral decisionmaker, and declaring that Respondents violated Petitioner's procedural due process rights.

DATED: August 19, 2026

HON. SUNSHINE SUZANNE SYKES
United States District Judge